Case number 19-6074 United States of America v. Eric Todd Argument not to exceed 15 minutes per side Mr. Longmire you may proceed for the appellant Thank you may it please the court Judge Moore, Judge McKee, Judge Clay my name is Phil Longmire I represent the appellant Eric Todd and I would like to request three minutes of rebuttal time Fine thank you This appeal is about the untimely last-minute disclosure of material evidence specifically a surveillance video that is both exculpatory and contains impeachment but that unfairly prejudiced my client Eric Todd because despite two court orders requiring its production despite repeated written requests from me for the specific piece of evidence that was withheld and despite the government possessing this key piece of evidence for three years without turning it over on the eve of trial I received the White Castle video after a motion in limine after a court ruling in which the government said that it Mr. Longmire could I interrupt you I mean we know what happened here and I know I can certainly understand why you're upset but Brady doesn't require disclosure on a blanket basis before trial as I'm sure you know there are a lot of cases where the Brady question involved disclosure during trial and what the law says at least as I understand it is that the government fulfills its obligation by disclosure at trial not in advance of trial unless because they chose to disclose it at trial you can show that you were so prejudiced that the defendant was prevented from receiving a constitutionally guaranteed fair trial so could you direct yourself to why this late disclosure was so prejudicial that you didn't get a fair trial thank you Judge McKee yes specifically the video at issue contains multiple camera angles and a significant amount of footage I was given it three days before trial but the short amount of time to review that much video from that many angles and to make any sense of it prevented its effective use at trial I'm sure the government will know did you ask for a continuance I did ask for I asked for a mistrial and the court denied it saying I was able to make effective use of using the excerpts of the video so you did not specifically ask for a continuance so that you review the video I did not specifically ask for a continuance nor did the court order the government to recall the two key witnesses who are on the video that I did not know about at the time they testified because of the length and the many angles in the video in the short amount of time I recall I did not your honor I did my best with what I had well and let's try to put this in perspective too I mean I understand you got this late and uh but my interest am I correct in understanding you already had 106 audio recordings four audio video recordings and two pocket audio recordings one recording of a phone call and three recordings of other phone calls I did your honor none of which so you so you knew exactly what the government's theory was in this case that whether whether your client was in the car or whether your client was in the the the restaurant their theory was wherever your guy was that he was directing this transaction there was never there was never a question about that being the theory was there I did not know that their theory was that he was the one conducting the transaction none of the audio none of the video that they did produce provides any information or evidence in support of that the video does the exact opposite it is exculpatory and that my client's nowhere to that the video showed that it was Jackson who was coming in and out of the White Castle not your client right I did judge more the key the key uh restriction or limitation that the government placed on me with their late disclosure is I did not know any of this until those two witnesses had already testified and left the stand and had I been presented sufficient opportunity to make effective use of the video I would have been able to cross-examine and to impeach both Belize McAtee and Antonio Jackson on very key parts of the video such as the fact that Mr. Jackson is talking on the telephone to believe was either the confidential informant or the the leader of the drug trafficking organization which would disprove that my client another option another option jury could have believed I suppose as he's talking to your client he did testify that he had never spoken to seen or heard of my client I did not know that he was on the phone at the time of the transaction as the video shows because I had only been given the video a couple of days before and in the middle of trial preparation in which I have to wait and meet with my client and I did not have sufficient time to in order to make effective use of it at trial which is standing my understanding is that the government's theory was that Mr. Todd was in a gold car at the scene is that is am I correct that that's what the government's theory was they did mention that at one point yes so the fact that it was Jackson going in and out of the White Castle would not be in conflict with their theory that Mr. Todd was in gold car masterminding the transaction that's another that's another issue your honor that the late closure of the video prohibited me from effectively rebutting at trial because I did not have time to search the multiple camera angles and the the hours of to find this so-called gold car and determine whether there was anyone in it I'm presuming that if Eric Todd was in it the government would have that as evidence at trial they did not which why I think it's exculpative the video itself is exculpatory but I did not have time to rebut that have you had time to look at all these angles etc of the of the video subsequently I have your honor subsequently I have taken a look at it and I did specifically look for exactly what you mentioned the gold car and there's no evidence of Eric Todd in a gold car in fact it's a grandmother and her grandson parking and then walking into the White Castle which goes to my point that had I had time to review this and analyze it and make effective use of it I would have been able to make a difference in this case and the government's the government had this for three years they knew about it they're under under multiple orders to produce it they did not and I specifically requested it for these very purposes I was actually under the impression that he must be on it and and at some point they're going to drop that on me but it was the exact opposite it was both exculpatory and impeaching but the timing of the last minute disclosure prevented me from looking for the gold car in time to use it at trial I did look at it afterwards and that in and of itself is exculpatory the fact that Antonio Jackson is on the phone in the video talking to someone who appears to be the confidential informant if not his uncle the leader of the drug trafficking organization I was unable to ask those questions of Mr. Jackson because I did not know that information at the time because I did not have enough time to review what they produced to me I'm not undermining the difficulty that the government put you in in terms of timing here but my understanding is that there were seven hours of video is that right yes now you had you had three days in which to look at that video correct yes Saturday Saturday Sunday and Monday and then the trial resumed on the trial started on Tuesday yes so I I'm just trying I'm I want to give you another chance if if you would to explain why in the light of this that you didn't ask for more time or ask that these witnesses be recalled if at some point you determine that you would have proceeded differently I I just don't understand hindsight's 2020 and if I had that opportunity again I would I moved for the the trial under the Brady violation because I felt like the I felt like the issue was in my mind so concrete because the court was well aware of the presence of this video and my efforts to get it and the fact that the government had it for so long and held on to it became my focus at trial I would note in the spry case it was it was the court who actually ordered the witnesses to be recalled it wasn't the defense attorney who asked for it and in in the moment I was raising the issue with the court and the court did not find that there was prejudice ultimately you're sure you're surely not saying that the court had a duty here without having being asked to sua sponte order the government to recall witnesses are you no no your honor I'm not I'm the court in the spry case found that the the disclosure was a likely Brady violation it was not happy about the timing of the disclosure but in order to help remedy that rather than granting a mistrial it decided to give a recess and it decided to order the government to to key witnesses that did not happen in this case and if you don't have you found have you found any cases where the government for whatever reason provided the Brady disclosure late or during the trial where the court has reversed a conviction without somebody without the defendant having asked for a continuance and or recalling the witnesses if the claim is the information would have changed how you cross-examine the witnesses are there any cases that you're aware of your honor I am aware of the Bagley case which contains some of those similarities United States versus Bagley 473 U.S. 667 it's a 1985 case in which the court did say that the um as in this case we had filed a motion your honor I see that I'm out of time you can finish your answer thank you your honor um as in uh this case in Bagley the prosecution had misleadingly induced defense counsel to believe that there was no impeachment to be had of the witness it was it was calling and then the the evidence produced at trial indicated otherwise so the court did um reverse and remand to the appellate court to determine if the trial would have been different had that inducement not been made did you even cite Bagley the government did your honor I'm saying did you cite it you you apparently think it helps you I I do think it helps me I think spry helps me and uh but the I made use of the case that the government cites to show the shortcomings of its own argument thank you I'm out of time thank you thank you Mr. Gilbert please the court I'm assistant U.S. attorney Jay Gilbert um regarding could you turn your volume up please yes sir so your honor is that any better no look not much just cozy cozy up to your uh to your laptop and speak more loudly please okay your honor I think I've done everything technically I know how to do here but I will try to speak more loudly thank you regarding the Brady issue as the court points out Brady does not generally apply to a tardy disclosure of exculpatory information but rather than a rather to a complete failure to disclose um the council let me ask you one thing um what what was your what was the government's explanation um at the time that the at trial as to why it had taken three years to um uh turn over uh material that it had for that length of time not not what you say in your brief uh by way of argument but what what explanation did you give to the court uh at the time during trial as to why you waited three years your honor um I don't think the record clearly shows the reason why uh the U.S. uh assistant U.S. attorney who tried the case explained that uh based upon the record it seems to me if I had to surmise I would say it simply got lost in the shuffle I don't know but I'm asking what did you tell the court I assume the court wanted to know why you didn't turn this over for three years and I assumed that there was some sort of answer that was provided what was said to the court about about that delay your honor the the segment of the record that deals with that uh appears actually in the letter that I filed uh which which tells that you know the assistant United States attorney who tried the case basically said he wasn't aware of it he wasn't aware of it he wasn't aware it was in the U.S. attorney's office and I think that it was just simply uh crossed wires between the U.S. attorney's office and the agency are you saying that he stated that he personally was not aware of it or that the U.S. attorney's office was not aware of it he said the record said I was not aware of it and I was under the impression that the parties were having trouble opening it but I was mistaken in that apparently so that was the explanation and beyond what's in the record there I don't have a further explanation uh regarding the late disclosure your honor well isn't there a problem for defendants in late disclosure of exculpatory material that this case really personifies well your honor I will concede that this should have been turned over earlier and beyond what I've just expressed to the court I don't have a further explanation for that but the question is whether there was prejudice here and the United States did turn over this White Castle video on a Friday May 24th the trial began on the following Tuesday the first witness was called on Wednesday and so was it basically five days after receiving the disc that witnesses started testifying and of course as the court pointed out in his oral Brady motion at trial Mr. Todd's counsel did not ask for a continuance and did not ask for the recall of any witnesses who've already testified he simply asked for an extreme remedy which was a new trial he did not specifically say how the video if it had been given to him earlier would have made it reasonably probable that the trial would have turned out differently and there was other evidence to show that Mr. Todd was in fact involved in a conspiracy to deal meth the evidence has to be considered collectively rather than item by item and the evidence here clearly showed that Mr. Mr. Todd was guilty of conspiracy to deal meth is the government's theory that that Mr. Todd was in Miss Gold Car is that the government's theory yes your honor that is the theory and and does the video show a gold car anywhere your honor um I I don't know and this is something I'll bring up now and Mr. Longmire can correct me if I'm wrong but in looking back through the trial record and preparing for this oral argument I didn't see where the video in its entirety had been admitted into evidence what I did see were seven screenshots that uh Mr. Todd's counsel had selected from the video to use to cross-examine United States witnesses at trial and so the video as a whole as far as I can tell is not in the trial record and so it's difficult to refer to the video as a whole when it's not in the record if it is in the record I stand corrected and I is not in the record as a whole only the five screenshots so if that's the case that it's not in the trial record are you then saying that it's not something that's in front of us your honor it's my it's my estimation that it's not if it's not in the trial record I'm not sure how it could be reviewed on appeal the video as a whole as I can see is not in the trial record only the screenshots what what I'm curious about Mr. Gilbert and and this will give Mr. Longmire a chance to think about this and he can address it too if he chooses when he stands back up but if that was the theory and they're looking for a gold car it seems like when the defense counsel is going through the tape he would have been looking for the gold car and he's the one that chose which screenshots to show and and and simply didn't it's apparently chose not to show the gold car now interestingly enough he has not said today that he he missed the gold car he couldn't find it because he didn't have enough time he only found it afterwards we've not seen that in either the brief or the or the oral argument today so uh what what do we make of that from the government's perspective well your honor the United States had witnesses showing that although Mr. Todd did not appear in the White Castle video he was directing it by phone from apparently a gold car at least that's what I get from from reading the record and specifically Ms. Lyle I believe said that she was talking with Mr. Todd on the phone at the White Castle and said there I see you and she's and she was was in a gold car and and the informant did testify that Todd was in the gold car is that correct I don't I'm asking for you to verify that or not your honor that that is my memory of the record having read through the entire trial record I believe she did say he was in a gold car I believe that either he either she or Agent Anastasio said that Mr. Todd was in a gold car at the White Castle if I'm incorrect about that I apologize in advance but I believe that's what the record reflects well one of the confusing parts about that is it's I read someplace the thought that that the government's theory was that Todd was in was in the car that it turns out Jackson was in but that but then I read Anastasio's testimony he didn't say that so it's it's a little hard from reading the briefs to figure out what what is the claim here and what's the response your honor as I understand it having read the trial record my understanding was that Mr. Todd was in a gold car and that Ms. Lyle was communicating with him by phone when he was at that gold car at the White Castle so your recollection is that the government never claimed he was in the car that apparently Jackson was in your honor I honestly do not remember as I sit here which car Jackson was supposedly in I don't remember all right thank you I take it you were not the trial lawyer no your honor I was not the trial lawyer by the way has since retired but I have you know done everything that I could in reading the record to try to understand everything that happened at the time I was there was no Brady violation Mr. Todd did not show the requisite prejudice and the district court did not err in denying the Brady motion so we believe that the court should go ahead and affirm that denial of the Brady motion are there other questions about that your honor I don't think so would the court like to address the 404 b question next or the racial disparity question it's up to you how you wish to use your argument time okay your honor regarding the 404 b issue reversal is proper only if the district court committed a legal error by admitting the prior acts evidence for an impermissible purpose relied on clearly erroneous facts in finding that the prior acts occurred or abused its discretion in weighing the evidence's probative and prejudicial value under rule 403's balancing test and as explained in the United States brief the questions that were asked were not answered in the affirmative and the district court properly ruled that the council's unanswered questions themselves were not evidence and therefore they couldn't isn't this opening up a really potentially devious behavior on the part of a prosecutor to ask a question that puts in front of the jury the ideas that the defendant is a felon and that defendant had guns and if the witness says no no problem the the thought is left in the jury's mind isn't that troubling your honor in this particular case there was an explanation for that and I think that what your honor is asking would be a problem if left unchecked but I think that the district court would inquire about that and ask why the questions were even asked in the first place in this case the United States council said that he was asking the questions to help refresh her recollection and also to prove the identity of Mr. Todd and to prove and to prove that he was part of a gang that was part of a conspiracy to sell drugs within the DTO and so he was asking these questions to try to establish the conspiracy itself and so under 404 b as I understand it that is a valid purpose for asking questions such as that so I think the question about somebody being in prison i.e. and and a question about guns shows that he's a member of this particular gang that was his intention in asking the question so he said your honor and I agree that the question could have been asked more artfully but that was the reason for it as explained in the record again was there a request for a curative instruction if there was a problem at the time of that exchange actually your honor there was colloquy about this at the bench and uh Mr. Longmire and uh the judge agreed that no limiting instruction to the jury would be appropriate at that time or desirable at that time but instead the issue would be deferred until the final jury instructions and the court did in fact include an instruction in the final jury instructions uh saying that the jury is to consider only the evidence and the lawyer's questions weren't considered evidence and there's a presumption that juries will follow jury instructions and so it seems to me that what could be done was done here well that's just part of the pattern instructions that wasn't anything that would have been specifically requested to deal with this particular incident so I'm gathering from what you can tell once the judge deferred this until the instructions there was no request to deal with this in a way other than giving the normal instruction your honor that is how I saw that the district court dealt with the issue I didn't see anything in the record specifically instructing the jury about this particular line of questioning of this witness but the well I guess I guess what I'm asking you is you didn't find anything where the question was raised again on behalf of the defendant at the end of the trial no your honor I did not I didn't see that in the record thank you thank you I see that my time is running short and so briefly regarding the racial disparity issue beyond the reason set forth in the United States brief I think it's important to point out that the the government to which Mr. Todd's counsel refers is actually the Jefferson County Kentucky attorney the Courier Journal article that's in the appendix for Mr. Todd's brief talks about this this policy but it is to be applied prospectively not retroactively and so it would have no direct application to Mr. Todd's 2007 drug crimes resulting from a traffic stop Mr. Todd's drug-related convictions in 2007 are valid and have not been overturned on constitutional or any other grounds those convictions are properly part of Mr. Todd's criminal history as set forth in the PSR and the district court did not air by opting not to address directly Mr. Todd's racial disparity sentencing argument I see I'm out of time out of time I went over a few seconds I apologize that's okay thank you thank you Mr. Longmire thank you if I may rebut on the Brady issue there the car was a theory that was floated at trial and I liken it to whack-a-mole where I only had so much time to review the the video that I simply did not have time despite staying up all hours of the night to review every allegation that was raised at trial relating to something that the video would rebut the the images the same as the video I was not able to use the actual video because I could I didn't have a time with all the other trial preparation activities including seeing my client who was an hour and a half away to to be able to splice the video or use excerpts of it in the way that I normally would let me let me interrupt you to just make sure I understand this did you have time to review the whole video I did I did have time to review the whole video the issue is there are really so so let me ask let me ask the question this way then have you found any cases where somebody got the the Brady material I'll bet closer to the trial than they would have liked I don't there's any doubt about that and they actually had a chance to review all of the Brady material but then the court said that they were deprived of their right to a fundamentally fair trial because there wasn't enough time to think about how to use what they had reviewed are there any cases that you've been able to find that that slices that finally I can only refer back to the Begley decision and then I can only distinguish the spry and the other cases that do that and there is a there is a an argument that pre-trial disclosure in most of the cases that I found does take care of along with recess and other things a prejudice that has been claimed by the untimeliness of the disclosure here I think it's different because it is a video in all those cases we're dealing with reports transcripts small amounts of written information this is a video which is a is a totally different world I would submit for a trial lawyer having to review and make sense of multiple angles and multiple hours of footage and piece it together in the short amount of time and then use the technology to make an effective use of it at trial your opponent has said that the video is not in the district court record is that correct the video is not in the record the screenshots that I was able to pull are in the record which show multiple angles and significant amounts of time on the time stamps that I would have had to review but does the fact that the video is not in the record mean that that we on the court of appeals are not allowed to look at the video I'm out of time but if I may respond please I do not believe so because I think the absence of the video it goes to the prejudice in that I was unable to make effective use the excerpts that I was able to use I believe provide the court with enough of a factual basis along with the motions in limine and the other parts of the record that show the untimeliness and the suppression related to the Brady issue and from the excerpts that I provided the material prejudice that it caused without having the whole video in the record thank you I'm out of time yes thank you very much thank you both and Mr. Longmire I see you're appointed pursuant to the criminal justice act and we thank you for your service to your client in the interest of justice thank you thank you your honor judges the case will be submitted and both of you may disconnect thank you so much thank you